UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

MAKE THE ROAD STATES et al.,

              Plaintiffs,

        -against-

DEPARTMENT OF HEALTH AND HUMAN SERVICES
et al.,

              Defendants.

-----------------------------------x
ERIC KOMITEE, United States District Judge:

**MEMORANDUM & ORDER**
26-CV-4713 (EK)(CHK)

       Plaintiffs' motion for a temporary restraining order ("TRO") is denied. When a party seeks an *ex parte* TRO, it must, among other things, certify in writing "any efforts made to give notice *and* the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B) (emphasis added); *see, e.g.*, *FEI Hong Kong Co. v. GlobalFoundries, Inc.*, No. 20-CV-2342, 2020 WL 1444956, at *2 (S.D.N.Y. Mar. 25, 2020) (denying TRO because plaintiff had "not provided any reasons why notice was unnecessary or impractical"); *Gullas v. 37-31 73rd St. Owners Corp.*, No. 12-CV-2301, 2012 WL 1655520, at *1 (E.D.N.Y. May 10, 2012) (denying TRO as plaintiffs had "neither shown that Defendant was given notice of this motion nor made any showing as to why notice should not be required").

       Plaintiffs have not demonstrated why their informal efforts to provide defendants with notice justify the issuance

of an *ex parte* order.  An *ex parte* TRO is appropriate "only where irreparable injury will be caused absent prompt judicial intervention in circumstances where the adversary cannot be contacted, or where advance contact with the adversary would itself be likely to trigger irreparable injury."  *Little Tor Auto Ctr. v. Exxon Co., USA*, 822 F. Supp. 141, 143 (S.D.N.Y. 1993).

Plaintiffs report that they emailed an unidentified member of the Federal Programs Branch of the Civil Division of the Department of Justice on Friday afternoon "to apprise them of an imminent lawsuit and motion for temporary restraining order," and were told that Patrick Keating would be the "'point person' to be contacted for this matter."  Nguemaha Decl. ¶ 5, ECF No. 2-2.  They then emailed Mr. Keating.  *Id.*  But they report that Mr. Keating had not yet responded to plaintiffs' emails at the time of filing, and plaintiffs do not explain why conventional service of process on defendants would have been difficult or impossible.  Nor do they explain why it is appropriate to proceed without actual notice and an opportunity to be heard, particularly when plaintiffs were aware of the challenged policy as early as June 23 and did not contact the government regarding the instant motion until July 31.  *See* Mot. 1-2, ECF No. 2.

Rule 65 places "stringent restrictions" on *ex parte* TROs for a reason: "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 43839 (1974). Because plaintiffs have failed to comply with those restrictions here, their motion is denied.[1]

Plaintiffs are directed to effectuate service of the complaint, their motion for a TRO or preliminary injunction, and this order on defendants by the end of the day today. The government should file any opposition to plaintiffs' motion for preliminary relief by August 13. Oral argument on plaintiffs' motion will be held on August 17 at 11:00 a.m. in Courtroom 6G North.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     August 5, 2026
           Brooklyn, New York

---

[1] The docket reveals not only that plaintiffs had not effectuated service prior to filing the motion, but also that they still had not properly effectuated service as of the entry of this order.

3